GUILLERMO ATILES MORÉU, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; SUCESIÓN DE ABRAHAM GONZÁLEZ LUGO, recurrida.

Núm. 398.—*Sometido:* Marzo 1, 1949. *Resuelto:* Abril 29, 1949.

---

Ángel de Jesús Matos, M. Maldonado Pacheco y Aída Casañas Ma-
rengo, abogados del recurrente; Concepción de Gracia & Concep-
ción de Gracia, abogados de la Sucesión recurrida.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del
tribunal.

Este recurso se instó por el Administrador del Fondo del
Seguro del Estado para revisar una decisión de la Comisión
Industrial que revocó la del recurrente por la cual éste denegó
compensación a la Sucesión de Abraham González Lugo. El
occiso era soltero, trabajaba como obrero no diestro en el Pro-
yecto de Caonillas en Utuado y dependían de él sus padres
y hermanos menores de edad.

Allá por el 6 de marzo de 1947 el referido obrero terminó
su trabajo a las tres de la tarde, y, como de costumbre, tomó
un automóvil juntamente con otros obreros que salían a la
misma hora, para retirarse a su casa. La transportación era
pagada por los obreros. El automóvil no tenía puertas y
era de los conocidos corrientemente por "command cár".
Cuando ya habían recorrido como un hectómetro por la carre-
tera desde el sitio donde lo tomó, el occiso se puso de pie,
según unos para escupir, según otros, porque se hallaba
mareado por razón de debilidad; pero al ponerse de pie per-
dió el equilibrio y cayó a la carretera sufriendo la fractura
del cráneo, a consecuencias de lo cual falleció al día siguiente.

La carretera núm. 26, en parte, quedó dentro de los terre-
nos pertenecientes al Proyecto y quedaría inundada una vez
terminado el lago. Se estaba construyendo una variante
para que una vez cubierta por las aguas esta parte de la
carretera, el tránsito público hacia el barrio Caonillas Arriba
pudiese continuar sin interrupción.

Debemos tener en cuenta que si bien se trataba de una
carretera insular, el trayecto donde ocurrió el accidente pasó

a ser propiedad de la Autoridad de Fuentes Fluviales; que sería cubierto por las aguas del lago artificial que se formaría allí; que aunque el público continuaba usándolo entonces, se le permitía su uso porque aún no había terminado de construirse la variante; que esta carretera era la única vía que tenían los trabajadores del Proyecto para poder ir y venir de su trabajo y que los terrenos adyacentes a los dos lados de la carretera en el sitio donde ocurrió el accidente, correspondían al Proyecto Caonillas.

▉▉ La cuestión a determinar es si en estas circunstancias puede considerarse que al ocurrir el accidente, el obrero se hallaba dentro de la propiedad de su patrono. Es bien conocida la regla al efecto de que generalmente no hay derecho a compensación cuando el accidente ocurre en una vía pública mientras el obrero se dirige al sitio de su trabajo o sale del mismo. *Guillot* v. *Comisión Industrial,* 60 D.P.R. 674. Pero en el presente caso, si bien el trayecto era usado por el público, hemos visto que pertenecía a la Autoridad de Fuentes Fluviales; que formaba parte de los terrenos del Proyecto y que habría de cubrirse por las aguas del lago. Siendo ello así, el accidente ocurrió dentro de la propiedad del patrono y en consecuencia el obrero tiene derecho a compensación. Horovitz, *Current Trends in Workmen's Compensation,* pág. 672 y casos citados. No erró, pues, la Comisión Industrial al revocar la decisión del Administrador del Fondo del Seguro del Estado, quien basa toda su contención en que tratándose de una carretera insular el accidente ocurrió en una vía pública, y que por consiguiente, debe aplicarse la regla general anteriormente expuesta.

*Procede la confirmación de la decisión recurrida.*